IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-00-289 (2) |
| | § | C.A. No. C-09-200 |
| ARLEY VALENCIA ORTIZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DISMISSING MOTION TO VACATE,**
**SET ASIDE OR CORRECT SENTENCE, AND**
**DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Arley Valencia Ortiz's ("Ortiz") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 30),[1] which the Court deems filed as of August 8, 2009.[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of

---

[1] Dockets entries refer to the criminal case, C-00-cr-289.

[2] The Clerk received Ortiz's motion on August 10, 2009. The motion indicates, however, that it was signed and delivered to prison authorities for filing on August 8, 2009. (D.E. 30 at 14.) It is thus deemed filed as of the earlier date. Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Ortiz's motion because it is time-barred. Additionally, the Court DENIES Ortiz a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On August 16, 2000, Ortiz was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 253 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1). He pleaded guilty to the indictment against him, and was subsequently sentenced by this Court to 144 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. (D.E. 12, 24, 26.) The Court also imposed a $100 special assessment. (D.E. 24, 26.) Judgment in his criminal case was entered on December 7, 2000. (D.E. 26). He did not appeal and had not filed any post-conviction motions until the instant § 2255 motion.

In his § 2255 motion, Ortiz asserts two grounds for relief. First, he argues that he received ineffective assistance of counsel because his attorney did not explain to him the "exact nature or seriousness of crime," did not allow him to "apply for safety valve" relief, and did not inform the Court of Ortiz's "mental state at time of crime." (D.E. 30 at 5.) Second, he claims that his attorney was constitutionally ineffective because he allegedly refused to obtain a psychiatric evaluation of Ortiz. (D.E. 30 at 6.) In support of his second claim, Ortiz alleges that his attorney was aware that the lives of Ortiz's family members were

in jeopardy if he did not work for the owners of the drugs by transporting the cocaine. (Id.) Although he does not expressly state it, presumably he believes that this affected his mental state at the time of the crime.

## III. DISCUSSION

### A. Statute of Limitations

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Ortiz on December 7, 2000. A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b)(1)(A). At the time that Ortiz's criminal judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did ***not*** exclude

---

[3] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Ortiz does not argue for the application of any subsection other than (1).

intermediate Saturdays, Sundays and legal holidays.[4] Calculated under Rule 26 in effect at that time, then, ten days after December 7, 2000 was December 14, 2000.

In this case, Ortiz did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on December 14, 2000. He had one year from that date to file his § 2255 motion. Ortiz's § 2255 motion is deemed filed as of August 8, 2009. Thus, his motion was filed more than seven and a half years late and is untimely.

Ortiz acknowledges that his motion is untimely. (D.E. 30 at 13.) In explanation, he offers the following:

> Your excellency, for the past 9 years I've been studying English and only now have come to the realization that my lawyer is guilty of ineffective assistance of counsel, furthermore my mental state at time of the commission of the offense was never even brought up. (Family was kidnapped. and threat of rape and murder of my family was in the air. (if I did not work for the cartel.) Only now that my English is somewhat better can I understand how great of an error my sentence was, only due to my attorney, ineffective assistance. [sic]

(D.E. 30 at 13.)

While the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v.

---

[4] At the time the judgment was entered against Ortiz, Rule 26(a), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Notably, equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); see also Teemac v. Henderson, 298 F.3d 452, 457 & n.11 (5th Cir. 2002) (addressing employment discrimination plaintiff's claim that his inability to speak fluent English entitled him to equitable tolling, and noting that "courts in a long line of cases have held that employees' ignorance of the law, even when stemming from illiteracy, cannot justify tolling"); United States v. Benitez, 2003 WL 22456804, at * 2 (N.D. Tex. 2001) (citing United States v. Cordova, 1999 WL 1136759 at *1 (10th Cir. 1999) for the proposition that lack of fluency in English is not a circumstance sufficient to toll limitations). In short, Ortiz's motion does not offer any basis at all for tolling, let alone establish that his is the "rare or exceptional case" where such equitable tolling is required. See Riggs, 314 F.3d at 799.

Accordingly, the Court concludes that Ortiz's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

**B. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ortiz has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because

"the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[5]

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Ortiz has stated a valid claim for relief, because he cannot establish the second Slack

[5] As of December 1, 2009, absent contrary Congressional action, amended Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the § 2255 Rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Ortiz is not entitled to a COA.

**IV. CONCLUSION**

For the above-stated reasons, Ortiz's motion under 28 U.S.C. § 2255 (D.E. 30) is DENIED. The Court also DENIES Ortiz a Certificate of Appealability.

ORDERED this 3rd day of October 2009.

Hayden Head

HAYDEN HEAD
CHIEF JUDGE